UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANTHONY W. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-189-TLS |
| | ) | |
| TIG INSURANCE COMPANY, K & K | ) | |
| INSURANCE GROUP, INC., CONTINENTAL | ) | |
| CASUALTY COMPANY, and SPECIALTY | ) | |
| BENEFITS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

On March 23, 2006, Plaintiff Anthony Lucas filed his Complaint in the Allen County Circuit Court. The Complaint states that the Plaintiff purchased disability insurance from the Defendants and was wrongly denied coverage after being injured. The case was removed by the Defendants on May 5, 2006. The Plaintiff moved for remand on May 30, 2006, arguing that removal was improper because two Defendants are residents of Indiana. The Defendants responded on June 12, 2006, arguing that two Indiana Defendants, K&K Insurance Group, and Specialty Benefits Inc., or SBI, were fraudulently joined and that removal was proper.

For the reasons stated below, the Court finds that there was no fraudulent joinder and remands the case back to Allen County Circuit Court.

**A.     Removal and Fraudulent Joinder Standards**

A defendant to an action filed in a state court may remove the case to the federal district court embracing the court in which the action was filed when the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). However, an action not brought under federal law is

removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b).

This case was filed in the Allen County Circuit Court in Indiana, where Defendants K&K, and SBI admit they are residents. The fact that the Plaintiff filed in Indiana would prevent removal, except that the Defendants argue Defendant K&K and Defendant SBI were fraudulently joined.

Fraudulent joinder is a term of art referring to claims made against in-state Defendants that have no chance of success. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). Defendants who have been fraudulently joined are disregarded for purposes of determining whether jurisdiction is proper. To establish fraudulent joinder, the Defendant has the heavy burden to show that "there exists 'no reasonable possibility that a state court would rule against the [in-state] defendant." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos*, 959 F.2d at 73). In considering whether joinder was fraudulent, a court takes all issues of law and fact to favor the plaintiff. *Poulos*, 959 F.2d at 73.

**B.     Relevant Facts as Stated in the Complaint**

The Plaintiff played college football for the University of Arkansas, and was drafted by the Green Bay Packers in the 2000 NFL draft. In the spring of 1999, Jim Padilla, an agent of K&K, contacted the Plaintiff to persuade him to purchase disability insurance to protect himself against career ending injury.

On March 18, 1999, Padilla gave the Plaintiff an application form for a policy with insurer TIG, which the Plaintiff completed openly and honestly. The Plaintiff had undergone arthroscopic procedures on his right knee in 1992 and 1996 to evaluate and repair damage to his ligaments and

2

tendons. The Plaintiff disclosed to Padilla his full medical history, including the 1992 and 1996 procedures. A question on the application asked if the applicant had "been treated or been advised to seek treatment by a medical professional for gout, arthritis, rheumatism or any other disease or disorder of the back, spine, bones or joints," and the Plaintiff answered no. (Compl. 10, DE 1.) The Plaintiff believed "back, spine, bones, or joints" did not include tendons and ligaments. The Plaintiff answered yes to a question asking whether he had missed more than three consecutive games due to injury or illness. The Plaintiff executed a medical authorization statement granting access to his medical records to determine his eligibility for disability insurance. The Plaintiff "encouraged Mr. Padilla to contact the trainers at [the University of Arkansas] and even his personal physician if more information was needed to determine his eligibility for disability insurance benefits," but no requests for additional information were received. (Compl. 4–5, DE 1.) TIG issued the policy on April 26, 1999.

On June 6, 2000, the Plaintiff injured his right knee and had surgery to repair the injury. The Plaintiff never fully recovered from the injury. In 2001, he was waived by the Packers and signed by the Dallas Cowboys. He continued rehabilitation in the Cowboys organization, but continued to have problems with his right knee until he retired in June of 2003.

On November 19, 2003, the Plaintiff requested the benefits under his disability insurance policy. The Plaintiff's request was first denied because of an erroneous reading of the policy's expiration date. The Plaintiff was again denied coverage, the second time because the Plaintiff did not report on his application the 1992 and 1996 arthroscopic procedures performed on his right knee.

**C.      Analysis—Whether There Is a Reasonable Possibility the Plaintiff Could Recover against Defendant K&K**

3

The Plaintiff argues that he has viable claims against K&K for not acting in good faith or with due care in assisting and advising the him as to what information was necessary to complete his policy application. The Defendants claim the Complaint does not state such a claim against K&K. Two issues are before the Court: whether Indiana law could allow recovery under the Plaintiff's theory and whether the facts alleged in the Plaintiff's Complaint are sufficient to put the Defendants on notice of the Plaintiff's claims against it. The Court finds that the Plaintiff has reasonable possibility of recovering under his claim against K&K.

It is well settled in Indiana that "an insurance agent or broker who undertakes to procure insurance for another is an agent of the proposed insured, and owes the principal a duty to exercise reasonable care, skill, and good faith diligence in obtaining the insurance." *Craven v. State Farm Mut. Auto. Ins. Co.*, 588 N.E.2d 1294, 1296–97 (Ind. Ct. App. 1992) (quoting *United Farm Bureau Mut. Ins. Co. v. Cook*, 463 N.E.2d 522, 527 (Ind. Ct. App. 1992)). The insurance agent may have a greater duty when other factors are present. *DeHayes Group v. Pretzels, Inc.*, 786 N.E.2d 779, 782 (Ind. Ct. App. 2003) (quoting *Craven*, 588 N.E.2d at 1296). Some of the relevant factors to determining whether the insurance agent is bound by other duties include:

> (1) the broker's exercise of broad discretion in servicing the insured's needs; (2) the broker's counseling of the insured concerning specialized insurance coverage; (3) the broker's declaration that he is a highly-skilled insurance expert, coupled with the insured's reliance upon the expertise; and (4) the broker's receipt of compensation, above the customary premium paid, for expert advice provided.

*Id.*

The theory advanced by the Plaintiff—that a broker owes an insured a heightened duty of care when he advises and is relied on to assist a potential insured in completing an application for a specialized insurance policy—does not appear to have been specifically addressed by an Indiana

4

Court. The Plaintiff cites *Murphy v. Guideone Mutual Insurance Co.*, 2004 U.S. Dist. LEXIS 40402, *10 (S.D. Ind. Feb. 23, 2004), in support of its theory. In that case, the Southern District of Indiana held that a plaintiff had a reasonable possibility of recovering against an insurance agent for negligence associated with the application process and found that the defendant had not been fraudulently joined. *Id.* at *9, *11-13. The Plaintiff's Complaint shows he was buying specialized insurance from a broker and was relying on that broker to ensure his application included required information about his medical history. The Defendant has not argued that Indiana law would not allow recovery on the Plaintiff's theory. Giving the Plaintiff the benefit of the doubt as to the facts and law, the Court finds that there is a reasonable possibility that an Indiana Court would find that under the facts alleged by the Plaintiff, K&K had a duty to exercise reasonable care in assisting the Plaintiff.

The Defendants' sole argument is that because the Plaintiff's Complaint alleges only a claim for bad faith denial of insurance coverage, and because K&K did not make the decision to deny coverage, K&K cannot be liable for bad faith denial of coverage. However, Indiana is a notice pleading state. Indiana Trial Procedure Rule 8 governs the rules of pleadings in Indiana, and states that "a pleading must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for the relief to which the pleader deems entitled." Ind. Tr. R. 8. A plaintiff need only set forth the operative facts involved in the litigation, so that the defendants will be on notice as to what has taken place and why they are being sued. *ABN AMRO Mortgage Group, Inc. v. Am. Residential Servs., LLC*, 845 N.E.2d 209, 216 (Ind. Ct. App. 2006). Indiana law does not require the parties to state a particular legal theory under which they plan to proceed, *Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558 (Ind. 1996),

or the statutory basis for recovery, *Daniels v. USS Agri-Chems.*, 965 F.2d 376, 381 (7th Cir. 1992).

The facts stated by the Plaintiff's Complaint were sufficient to put the Defendants on notice of the Plaintiff's claim against K&K. The Complaint alleges that K&K is an insurance agency specializing in insurance from several insurance companies. K&K's agent, Jim Padilla, assisted the Plaintiff in completing the application for insurance and was given access to the Plaintiff's medical history. The Plaintiff claims he specifically encouraged Padilla to contact his trainers and doctors if more information was needed to determine his eligibility, suggesting that he relied on Padilla to ensure his application included the necessary medical history. The Plaintiff's insurance claim was later denied because the Plaintiff's application failed to include part of the Plaintiff's medical history. Though the Plaintiff's Complaint does not explicitly state a claim against K&K under the theory that its agent failed to exercise due care in assisting the Plaintiff to complete the application, the facts necessary to support a claim against K&K were stated in the Complaint so that K&K can reasonably be said to have been put on notice as to why it was being sued. Giving the Plaintiff the benefit of the doubt as to the law, the Court cannot say there is no reasonable possibility the Indiana state court would find the Plaintiff's Complaint sufficient to state a claim against K&K.

Because there is a reasonable possibility that the Plaintiff could succeed on his claim against K&K for breaching its duty of care in assisting and advising the Plaintiff when completing the policy application, K&K was not fraudulently joined. Therefore, removal was improper and the Court need not consider whether SBI was fraudulently joined. This case must be remanded to Allen County Circuit Court.

**ORDER**

This case is REMANDED to Allen Circuit Court.

SO ORDERED on September 20, 2006.

S/ Theresa L. Springmann  
THERESA L. SPRINGMANN, JUDGE  
UNITED STATES DISTRICT COURT
